UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BEN H. SCOTT    FILED JAN - 6 2010    CIVIL ACTION:

VERSUS    LORETTA G. WHYTE, Clerk

DAVID MOAK ET. AL.    NO: 07-1161 "A"(5)

AND

JEFF WILLIAMS ET. AL.    NO: 07-2976 "B"(5)

FILED:      CLERK:

## MOTION FOR A TELEPHONE CONFERENCE

MAY IT PLEASE THE COURT:

NOW INTO COURT, comes Ben H. Scott, herein as Plaintiff. Who respectfully petitions this Honorable Court for a Motion For A Telephone Conference. For the following reasons to wit:

1.

The above Civil Cases have been consolidated, as the above caption shows

I.

This Honorable Court issued an Order, advising both parties of their due date. As to their witness list and exhibit list.

Plaintiff had until November 16th, 2009, which was timely filed. And while defendants had until December 16th, 2009, which was filed untimely.

This Order was issued in preparation of two hearings. One, the December 22nd, 2009, telephone Conference, and for the January 21st, 2010, evidentiary hearing.

The December 22nd, 2009, telephone conference went ahead as scheduled. Thats where it was discovered, that Counsel Patricia N. Bowers, failed to present the witness list and exhibit list timely, on or before December 16th, 2009. Meaning, by plaintiff not having prior knowledge of this, plaintiff face the telephone conference inadequately to assess the witness list and the exhibit list. To establish strategy for any or further

II.

proceedings where documents are surely essential.

In addition, this Honorable Court allowed Counsel Bowers to proceed under a Motion Of Ex Parte For Leave To File Witness And Exhibit List Out Of Time. Whereas, Counsel Bowers did not face any penalties. But to go further, in this motion, Counsel Bowers names a list of witnesses and exhibits.

The witness list does not give one sentence, as to, what each witness will testify to. And plaintiff did state at the December 22nd, 2009, telephone conference. Since he gave a short summary, as to, what each witness will testify to. Its only fair that Counsel Bowers do the same. Thereby, fairness would accompany the conference, and there would not be any surprises, as to witness testimony. For example,

III.

Counsel Bowers listed the medical staff and security staff from both Wade Correctional Center and Avoyelles Correctional Center. Plaintiff would surely like to know what these unknown (names) will testify to.

Plus, Counsel Bowers listed documents (exhibits) she plan to use at the evidentiary hearing, that plaintiff requested through "Discovery." Like, tier logs, unusual occurrence reports, that was filed for both incidents, November 21st, 2006 and December 28th, 2006, resumes of all medical personnel called as a witness, all rules and regulations that promulgated this case under the D.O.C. policy and any disciplinary action that was taken against every defendant (named). None of these exhibits were provided to plaintiff, not even through Discovery Motions. (See Court records) Where plaintiff could address the proceedings properly.

## IV.

Because the evidentiary will primarily surround testimonial evidence. And plaintiff would like to prepare by formulating his questions for each witness and to defend against each exhibit.

Plus, plaintiff is in concerns of the witnesses, in which this Honorable Court selected from plaintiff's witness list. Because some of these witnesses may have discharged, due to their short sentences. Did this Honorable Court inquire into these matters? And how was this selection done, out of the pool of witnesses?

### Relief:

Plaintiff prays that this Honorable Court Grant this Motion For A Telephone Conference. Where plaintiff would have a fair opportunity to assess what each witness will testify to on Counsel Bowers' witness list. And to assess each exhibit, that

V.

plaintiff did not receive through Discovery. Also, where plaintiff have concerns about the witness selection.

Respectfully Submitted By:
Ben H. Scott
---
Ben H. Scott #94592
Avoyelles Correctional Center
Cajun-1, A-1
1630 Prison Road
Cottonport, La. 71327

<u>VI.</u>

## CERTIFICATION

I, Ben H. Scott, hereby certify that an original copy of the foregoing Motion For A Telephone Conference, was forwarded to the clerk's office, Ms. Loretta G. Whyte, for the Eastern District Court, through the U.S. Mail, properly addressed, postage prepaid.

On the 4th day of January, 2010. Cottonport, La. 71327.

*Ben H. Scott*
Ben H. Scott #94592

## VII.

Ben H Scott #94592
Avouelles Correctional Center
Cajun-1, A1
1630 Prison Road
Cottonport, La. 71327

Ms. Loretta G. Whyte
Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras St., Rm. C-151
New Orleans, La. 70130